UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-319-JBC

MICHAEL SEAN STEPHENS                                              PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                          DEFENDANTS

Plaintiff Michael Sean Stephens, who is confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed a *pro se* civil rights complaint asserting claims under: (1) 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(2000).[1]

This matter is before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As this is a *pro se* complaint, it is held to less stringent standards than one drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must

---

[1]
    The plaintiff originally filed this action in the United States District Court for the District of Columbia. On August 31, 2006, that court transferred the plaintiff's complaint to this court, on the basis that the District of Columbia was not the proper venue for the plaintiff's claims. In its Transfer Order, the District of Columbia court correctly noted that because the plaintiff had sued persons acting under color of *federal* law, his constitutional claims fell under the purview of *Bivens*, not 42 U.S.C. § 1983.
    To establish a right to relief under *Bivens*, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. Claims under § 1983 are asserted against persons who act under color of *state* law.

be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d
258, 260 (6th Cir. 1983).  However, 28 U.S.C. § 1915(e)(2) affords a court the authority to
dismiss a case at any time if the court determines that the action is (i) frivolous or malicious
or (ii) fails to state a claim upon which relief can be granted.

<u>NAMED DEFENDANTS</u>

The named defendants in this action are:  (1) the Bureau of Prisons ("BOP"); (2)
BOP Director Larry G. Lappin; (3) BOP Regional Director K.M. White; (4) BOP
Administrator Harrell Watts; (5) Warden D. L. Stine; (6) Paul Copenhaver, Associate
Warden of Programs; (7) Greg Cooper, Consolidated Services Manager; (8) Louis Ford,
Chaplain; (9) Brian Fertig, Chaplain; (10) D. Basile, Chaplain; (11) Jane Doe; (12) Lewis,
Lieutenant; (13) Tegtmeyer, Lieutenant; (14) Deborah Frandle, Correctional Counselor;
(15) Karen Bryant, Correctional Officer; (16) John Doe; (17)  Gadberry, Correctional
Officer; (18) G. Smith, Correctional Officer; and (19) Goodpaster, Correctional Officer.

<u>CLAIMS</u>

The plaintiff alleges that BOP Program Statement 5360.09, which governs religious
practices, violates his (and all other incarcerated Muslims') religious rights and practices
under the First and Fifth Amendments and the RLUIPA.  Specifically, he complains that the
Program Statement is unconstitutional because it limits group study time to one hour a
week; prohibits the recitation of Islamic text in Arabic; restricts religious activity to
designated areas; and prohibits inmates' wearing of pants above the ankles.   Plaintiff
alleges that since 2004, prison employees at USP-McCreary have intentionally and
maliciously interfered with his religious practices through harassment, "torment and

2

ridicule."

RELIEF

The plaintiff seeks injunctive relief and $750,000.00 in damages.  Additionally, the plaintiff seeks the appointment of counsel and class certification.

DISCUSSION

_____The court must dismiss the instant complaint without prejudice, as it has been filed prematurely.  The plaintiff has not demonstrated that he has exhausted the requisite BOP administrative remedies regarding his various claims of religious infringement.

The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R.  § 542.10-.19 (2006).[2]  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court.  *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November

---

[2]

Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9].  *See* § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11].  *See* § 542.15.

The administrative procedure includes established response times.  § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*

2, 2001) (Not selected for publication in Federal Reporter) (inmate was required to exhaust administrative remedies before bringing suit under *Bivens* based on inadequate conditions of confinement).

Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it.  For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999).  See also a series of unpublished opinions about the impermissibility of prisoners short-circuiting the system, alleging the futility of going further, and asking the court to rule they had done enough:  *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. March 27, 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. Sept. 25, 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. Oct. 27, 2000).

The United States Supreme Court has ruled that exhaustion of administrative remedies is required for *all* prisoner suits.  *See Porter v. Nussle*, 534 U.S. at 524.  In *Porter*,  the Supreme Court specifically stated that:

> Even when the prisoner seeks relief not available in grievance  proceedings, notably money damages, exhaustion is a prerequisite to suit.  *See* [*Booth v. Churner*,] 532 U.S. 731, 41, 121 S. Ct. 1819.  And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s]...brought with respect to prison conditions," whether under § 1983 or "any other federal law."...*Thus, federal prisoners suing under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.*

*Porter v. Nussle*, 534 U.S. at 524 (emphasis added); *see also Garfield v. Federal Prison*

4

*Industries*, 3 Fed. Appx. 292, 2001 WL 921137 (6th Cir. (Ohio) January 26, 2001) (Not recommended for full-text publication) (Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies, even in money damage cases, before filing a civil rights action in federal court; the § 1997e exhaustion requirement applies to *Bivens* actions brought by federal prisoners, even if they seek *both* equitable and monetary relief).

Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d at 879, even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999). Moreover, exhaustion means proper exhaustion, *i.e.*, under the terms of and according to the *time* set by BOP regulations. *See Woodford v. Ngo*, --- U.S. ----, 126 S. Ct. 2378, 2387-88, 165 L. Ed.2d 368 (2006).

Unless the record demonstrates that the requirements of § 1997e(a) have been met, a district court is required to dismiss an action without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.* A prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d at 879.

Here, Plaintiff Stephens seeks injunctive relief and substantial monetary damages. He has not attached any documentary evidence of having filed  his BP-9, BP-10 and BP-

5

11concerning his alleged First Amendment and RLUIP claims.

The complaint will be dismissed without prejudice to the plaintiff's filing a new civil action after he has fully and completely exhausted all of his claims through the BOP's administrative remedy process.  As this complaint will be dismissed, the court will deny as moot the plaintiff's motion for appointment of counsel and his request for class certification.

_____The plaintiff is forewarned in advance of one other issue.  Many of his claims date back  to September, 2004, through August, 2005.  Constitutional claims asserted under *Bivens* have a one-year statute of limitations under Kentucky law.  *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6ᵗʰ Cir. 2003); *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987).  Kentucky's one-year statute of limitations set forth in K.R.S. § 413.140(1)(a) applies to civil rights claims arising in Kentucky.  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990).  These claims may be time-barred.

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1)    The plaintiff's "Motion for Appointment of Counsel" [Record No. 1] is **DENIED** as **MOOT**.

(2)    The plaintiff's "Motion for Certification of a Class" [Record No. 1] is **DENIED** as **MOOT.**

(3)    The complaint is **DISMISSED WITHOUT PREJUDICE**.

(4)    Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on October 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY