UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-319-JBC

MICHAEL SEAN STEPHENS                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                          DEFENDANTS

Currently before the Court for consideration is the "Motion for Relief from Judgment" [Record No. 6] which Michael Sean Stephens, the *pro se* plaintiff, has filed. The plaintiff cites Fed.R.Civ.P. 60 (b) as the authority for his motion.

PROCEDURAL HISTORY
1.  The Complaint

The plaintiff is confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"). He filed a *pro se* civil rights complaint asserting claims under: (1) 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(2000).[1] Summarized, the plaintiff's complaint is that the seventeen (17) defendants named in the complaint committed a series of violations of his Muslim religious beliefs and practices.

2.  Dismissal of the Complaint

On October 5, 2006, the court entered a Memorandum Opinion and Order ("the

---

[1]

The plaintiff originally filed this action in the United States District Court for the District of Columbia. That court subsequently transferred the plaintiff's complaint to this court, on the basis that the District of Columbia was not the proper venue for the plaintiff's claims.

Opinion and Order") and Judgment, dismissing the complaint.[2]   The grounds for the dismissal were that the plaintiff had failed to demonstrate that he had exhausted the Bureau of Prisons ("BOP") administrative remedy process required by 28 C.F.R. § 542.10-19 (2006).   In the Opinion and Order, the court enumerated the various administrative steps and appeals which must be undertaken prior to filing suit in district court.   The dismissal was without prejudice to the plaintiff's filing a new *Bivens* action in which he could demonstrate exhaustion of the BOP's administrative remedies.

### 3.  Current Motion

_____In his "Motion for Relief from Judgment", the plaintiff attached a set of exhibits which  confirm that the plaintiff did, in fact, fully and completely exhaust all of the requisite BOP administrative remedies with regard to five (5) separate claims alleging the infringement of his religious beliefs.[3]

### DISCUSSION

In order to obtain relief from a judgment or order under Fed.R.Civ.P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could

---

[2]

The Court stated in the Opinion and Order that the United States District Court for the District of Columbia transferred the instant complaint here on August 31, 2006.  The court will correct that statement:  actually the plaintiff filed his *Bivens* complaint on August 31, 2006, and the United States District Court for the District of Columbia transferred the action to this court on September 25, 2006.

[3]

The five claims are identified as follows :  (1) Administrative Remedy No. 375674 (BOP Central Office denial issued on March 29, 2006; (2) Administrative Remedy No. 389743 (BOP Central Office denial issued on March 6, 2006; (3) Administrative Remedy No. 381797 (BOP Central Office denial issued on February 13, 2006; (4) Administrative Remedy No. 381796 (BOP Central Office denial issued on February 13, 2006; and Administrative Remedy No. 381802 (BOP Central Office denial issued on February 13, 2006).

not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.  *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

The court determines that the plaintiff has not satisfied the stringent criteria under Rule 60(b) and that the motion must be denied.  Although the plaintiff has now provided documentary evidence that he exhausted his five claims, the production of this evidence comes too late.  The Prison Litigation Reform Act, 28 U.S.C. § 1915A ("the PLRA"), precludes the court from allowing the plaintiff to cure his deficient complaint.  Pursuant to the screening provisions of the PLRA, the court is not empowered to allow the plaintiff to amend the complaint to cure a jurisdictional deficiency.  Simply put, the plaintiff may not submit evidence of administrative exhaustion after his complaint has been dismissed for failure to demonstrate exhaustion.  *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The PLRA requires a district court to screen a complaint which seeks redress from any governmental entity as soon as it is filed and to determine whether that complaint is frivolous or malicious, or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2), it is subject to review under § 1915(e)(2), and must be dismissed if it satisfies the factors of § 1915(e)(2).   If a complaint subject to screening was required to be dismissed under § 1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint."  *Id*.

(Emphasis Added).

Thus, the proper inquiry under *McGore* is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*. *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal).[4]

Here, Plaintiff Stephens did not demonstrate exhaustion of his claims – or even *allege* that he had administratively exhausted his claims – when he filed his *Bivens* complaint on August 31, 2006. Under *Baxter v. Rose*, he is not allowed to correct the deficiency by filing a Rule 60(b) motion. For this reason, the court will deny the plaintiff's motion. The dismissal of the plaintiff's complaint was without prejudice to his filing a new *Bivens* action in which he can show the exhaustion of his administrative remedies.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** that the plaintiff's "Motion for Relief from Judgment" [Record No. 6] is **DENIED.**

Signed on October 31, 2006

---

[4]

The Sixth Circuit observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489.

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY